IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 97-50860
Conference Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DARWIN SHASHOAN RICE, also known as Darwin S. Rice,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-97-CR-43-1
- - - - - - - - - - -
June 17, 1998

Before DAVIS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Darwin Shashoan Rice appeals from his sentence for two counts of robbery of a federally-insured credit union using a dangerous weapon.  As part of his plea agreement, Rice waived his right to appeal his sentence for any reason, except regarding any upward departure pursuant to U.S. Sentencing Guidelines ("Guidelines") § 5K2.0.  As a review of the transcript of the Fed. R. Crim. P. 11 hearing indicates that Rice's waiver was both informed and voluntary, we will uphold Rice's waiver as valid.

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994). Therefore, although Rice has raised six points of error on appeal, we will only review his arguments relating to the district court's upward departure.

Rice argues that the district court erred in upwardly departing from the Guidelines and increasing his criminal history category from four to six. The reasons for the upward departure articulated by the district court are findings of fact that this court reviews for clear error. United States v. Pennington, 9 F.3d 1116, 1118 (5th Cir. 1993). However, the district court's decision to upwardly depart from the Guidelines is reviewed for abuse of discretion. United States v. Ashburn, 38 F.3d 803, 807 (5th Cir. 1994) (en banc).

The district court upwardly departed, based on its finding that the criminal history category failed to adequately reflect Rice's actual dangerousness to society. This is a valid basis for an upward departure. See U.S.S.G. § 4A1.3; Ashburn, 38 F.3d at 809; United States v. Lambert, 984 F.2d 658, 660 (5th Cir. 1993)(en banc). In light of the large number of crimes committed by Rice that were unable to be included in the calculation of his criminal history score, the district court's finding was not clearly erroneous. See Pennington, 9 F.3d at 1118. In addition, the district court's upward departure of two criminal history categories was reasonable under these circumstances. See Ashburn, 38 F.3d at 806, 809 (upward departure from criminal

history category of two to six upheld, based on several unconvicted previous offenses).

Accordingly, the district court's decision to upwardly depart from the Guidelines was not an abuse of discretion, and is AFFIRMED.  See Lambert, 984 F.3d at 663.